Dec. 14, 1875. } MARCH *v.* PUTNEY.

*Guaranty—Practice.*

On suggestion that a material fact was omitted from the referee's report, the plaintiff was permitted to move in the court below to recommit the report for further hearing.

FROM MERRIMACK CIRCUIT COURT.

ASSUMPSIT on guaranty. The guaranty was the same mentioned in

*March* v. *Putney, ante,* 34. The report of the referee showed that the guaranty was executed by the defendant on the evening of September 8, and mailed to the plaintiff the next morning ; and the goods which were the subject-matter of the suit were delivered and charged September 8.

*J. H. Benton, Jr.,* and *Sargent & Chase,* for the plaintiff.

*Mugridge,* for the defendant.

*Cushing, C. J. It seems clear to me that by this contract the defendant intended and expected to guarantee the payment for goods to be sold after its execution, and not otherwise. The report of the referee does not find the fact that the goods were delivered after the execution of the guaranty. It is not the province of this court to find the facts, and if it were so, I should infer from the report that these goods were delivered before the execution of the guaranty.

Unless, therefore, the plaintiff can have the report recommitted, for the purpose of determining this, and other facts desired in the court below, there must be

*Judgment for the defendant.*

Ladd, J., and Stanley, J., C. C., concurred.